[18 NYS3d 546]

In the Matter of VALDAS CASIMER DUOBA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 4, 2015

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On October 8, 2013, the respondent pleaded guilty in the Supreme Court, Suffolk County, to five counts of residential mortgage fraud in the second degree, a class C felony, in violation of Penal Law § 187.20, and one count of falsifying business records in the first degree, a class E felony, in violation of Penal Law § 175.10. The respondent admitted that, sometime between December 3, 2008 and December 19, 2008, he presented a false letter in the closing of a client's residential loan, in which he misrepresented that he had money from the client toward her down payment, and as a result, he and others received proceeds in excess of $50,000; on December 31, 2008 and January 23, 2009, he presented materially false HUD-1 statements that misrepresented clients' contributions with respect to residential mortgage loans, and as a result, he and others received proceeds in excess of $50,000; between March 1, 2008 and May 21, 2008, he falsified the business records of National City Mortgage by creating a false entry to the residential mortgage loan file of a client; and on November 13, 2008, he presented a materially false official bank check in connection with the closing of a residential mortgage loan for a client, and as a result, he and others received proceeds in excess of $50,000.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions. The respondent has been personally served and has not opposed or otherwise responded to the instant motion.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred, and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of October 8, 2013.

ENG, P.J., MASTRO, DILLON, BALKIN and HINDS-RADIX, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Valdas Casimer Duoba, is disbarred, effective

October 8, 2013, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Valdas Casimer Duoba, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Valdas Casimer Duoba, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Valdas Casimer Duoba, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).